IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY AS SUBROGEE OF STAG POOLS, LLC | § | |
| *Plaintiff,* | § | |
| vs. | § | CIVIL ACTION NO.: 1:22-CV-656 |
| EASY MIX CONCRETE SERVICES, LLC | § | JURY TRIAL DEMANDED |
| *Defendants.* | § | |

**THIRD-PARTY DEFENDANT TEXAS LEHIGH CEMENT COMPANY, LP'S ORIGINAL ANSWER TO EASY MIX CONCRETE, LLC'S ORIGINAL THIRD-PARTY COMPLAINT AND ORIGINAL COUNTER CLAIM AGAINST EASY MIX CONCRETE SERVICES, LLC**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TEXAS LEHIGH CEMENT COMPANY, L.P. (hereinafter referred to as "Third-Party Defendant"), in the above entitled and numbered cause, and files this ORIGINAL ANSWER AND ORIGINAL COUNTER-CLAIM AS TO EASY MIX CONCRETE SERVICES, LLC to DEFENDANT/THIRD-PARTY PLAINTIFF'S THIRD-PARTY COMPLAINT. Doc. No [8] and would respectfully show unto this Honorable Court as follows:

## ANSWER

1.1     With respect to Paragraph 1.1, Third-Party Defendant does not have sufficient information to admit or deny this allegation.

1.2     With respect to Paragraph 1.2, Third-Party Defendant does not have sufficient information to admit or deny this allegation.

1.3.    Third-Party Defendant Admits the allegations in Paragraph 1.3.

1.4     With respect to Paragraph 1.4, Third-Party Defendant does not have sufficient information to admit or deny this allegation.

1.5     With respect to Paragraph 1.5, Third-Party Defendant does not have sufficient information to admit or deny this allegation.

2.1     Third-Party Defendant denies it is liable to Easy-Mix.  Third-Party Defendant does not have sufficient information to admit or deny the rest of the allegations in Paragraph 2.1.

3.1     With respect to Paragraph 3.1, Third-Party Defendant does not have sufficient information to admit or deny this allegation.

4.1     Third-Party Defendant denies its product contributed to any issues with the owners pool. Third-Party Defendant does not have sufficient information to admit or deny the rest of the allegations in Paragraph 4.1.

5.1     Paragraph 5.1 does not need an admission or denial.

6.1     Third-Party Defendant denies it owes defense or indemnity to Easy Mix.  Third-Party Defendant does not have sufficient information to deny the allegations in Paragraph 6.1 concerning TMG or Travis.  The rest of Paragraph 6.1 does not require an admission or denial.

7.1     Third-Party Defendant denies it owes or provided materials that were not free from "deleterious" materials/components to Easy Mix.  Third-Party Defendant does not have sufficient

information to deny the allegations in Paragraph 7.1 concerning TMG or Travis. The rest of Paragraph 7.1 does not require an admission or denial.

8.1 Third-Party Defendant denies the allegations in paragraph 8.1.

8.2 This paragraph does not require and admission or denial.

931. Third-Party Defendant denies the allegations in Paragraph 9.1.

## DEFENSES

1. In the alternative, and subject to the foregoing without waiving same, Third-Party Defendants are not liable to Defendant/Third-Party Plaintiff because Third-Party Defendants were not negligent the day the incident occurred and were reasonably safe at all times.

## AFFIRMATIVE DEFENSES

2. In the alternative, subject to the foregoing without waiving same, Third-Party Defendant alleges the comparative negligence of Plaintiff and Defendant/Third-Party Plaintiff, in failing to use ordinary care, was a proximate cause or the sole proximate cause of its injuries, if any. Third-Party Defendant requests that at trial of this case the jury, pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE Chapter 33 et. seq., be asked to assess the comparative negligence, if any, of all parties to this lawsuit, all settling Defendants, Third-Party Defendant, and all Responsible Third Parties.

3. Third-Party Defendant invokes the doctrine of proportionate responsibility, responsible third parties, and contribution, and requests that Plaintiff's recovery, if any, be reduced and apportioned in accordance with the provisions of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including, but not limited to Chapter 33. If Plaintiff settles with any alleged tortfeasor, Third-Party Defendant reserves its rights to full credit for settlements under Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE. This Third-Party Defendant would also show the acts and omissions

of any such settling parties should be submitted for consideration by the jury in determining the relative responsibilities of all parties to the occurrence made the basis of this lawsuit.

4.      This Third-Party Defendant requests contribution and/or indemnity from any other named defendant, counter defendant, cross defendant, contribution defendant, responsible third-party, or third-party defendant in accordance with the TEXAS CIVIL PRACTICE & REMEDIES CODE.

5.      This Third-Party Defendant would further show that if Plaintiff settles with any alleged tortfeasor, this Third-Party Defendant is entitled to any and all offsets and credits allowed under the statutory and common laws of the state of Texas.

6.      Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant avers that Third-Party Plaintiff's injuries and/or damages, if any, were caused, in whole or in part, by Third-Party Plaintiff's own negligence and Third-Party Plaintiff's recovery, if any, should be reduced by such sole or comparative fault.

7.      Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant avers Third-Party Plaintiff's injuries and/or damages, if any, were entirely or solely caused by the acts or omissions of third persons over which Third-Party Defendant has no right of control and for which Third-Party Defendant is not legally responsible.  Third-Party Plaintiff's recovery, if any, should be reduced by such Third-Party's comparative fault.

8.      Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant avers Third-Party Plaintiff failed to mitigate his damages, if any, sustained by and occurring in the incident made the basis of this litigation.

9.      Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant avers his rights to contribution and indemnity from any person and/or entity which caused or case or contributed to cause Third-Party Plaintiff's damages, if any.

10. Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant avers that should it be found liable for any amount, which it denies, it is entitled to an offset and credit for any and all sums Third-Party Plaintiff receives in the way of settlements.

11. Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant would invoke the provisions of TEX. CIV. PRAC. & REM. CODE § 95.001, et. seq. in the event Texas law applies.

12. Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant would invoke the provisions of TEX. INS. CODE § 151.001, et. seq.

13. Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant avers that conditions precedent have not been met.

14. Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant asserts a failure of consideration.

15. Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant asserts the affirmative defense of estoppel. To the extent that Third-Party Defendant's work departed from the promises made in the written contract, Plaintiff and/or Defendant/Third-Party Plaintiff requested and approved the methods, materials, and work supplied or performed by Defendant of which it now complains.

16. Pleading further and subject to the foregoing, without waiving same, Third-Party Defendant asserts the affirmative defense of ratification and approval. To the extent that Third-Party Defendant's work departed from the promises made in the written contract, Plaintiff and/or Defendant/Third-Party Plaintiff requested and approved the methods, materials, and work supplied or performed by Defendant of which it now complains.

17. Pleading further and subject to the foregoing without waving same, Third-Party Defendant asserts all warranties, including but not limited to all express warranties, implied warranties of merchantability of goods, and implied warranty of fitness of goods for any particular purpose, were disclaimed, with a limited exception, in the Terms and Conditions of Sale included on the back of all invoices.

18. Pleading further and subject to the forgoing without waving same, Third-Party Defendant asserts Third-Party Plaintiff's damages are limited to replacement of any product sold to Third-Party Plaintiff as noted in the Terms and Conditions of Sale included on the back of all invoices.

## COUNTER-CLAIM AGAINST EASY MIX CONCRETE, LLC

Texas Lehigh Cement (LEHIGH), as Counter-Plaintiff, files this Counter-Claim against Easy Mix, as Counter-Defendant. In support, LEHIGH respectfully shows as follows:

**A. Parties**

19. Easy Mix has appeared in this matter and is properly before the Court.

20. LEHIGH has appeared in this matter and is properly before the Court.

**B. Easy Mix's Third-Party Petition.**

21. In its current third-party petition, Easy Mix asserts it "entered into a purchase/sale agreement with each Third-Party Defendant for the purchase of cement, sand, and/or aggregate at various project sites, including work at the property made the basis of this lawsuit." Easy Mix further contends "Third-Party Defendant agreed that their concrete components would be fit for the purposes intended and would be free of defects" and "to the extent that there are any deficiencies in the concrete components supplied by Third-Party Defendant and EASY MIX is held liable for damages to Plaintiff, Third-Party Defendant are liable to EASY MIX for the failure to comply with the implied warranty of fitness, the failure to provide materials free of defects, and

the failure to provide materials in accordance with industry standards and practices." Easy Mix, therefore, represents to the Court and the parties that its concrete contains certain aggregate materials used in the construction of the subject pool allegedly purchased from LEHIGH, and that those materials are defective.

**C. Easy Mix's Inadequate and Unsupported Product and Defect Allegations against LEHIGH.**

22. There is no link between any LEHIGH cement and the subject pool. Alternatively, even if there were (LEHIGH denies this), the component materials were not defective. If any defect exists in the concrete formulated and manufactured by Easy Mix, the defect resulted from Easy Mix's faulty design and manufacture of the concrete.

**D. Contribution and Indemnity Counter-Claim.**

23. Easy Mix's third-party claim against LEHIGH is a "products liability action" under Chapter 82 of the Texas Civil Practices and Remedies Code (the "TPLA"). *Cf.* Tex.Civ. Prac. & Rem. Code § 82.001(2). Under the TPLA, Easy Mix is a "claimant." *Cf. id.* at § 82.001(1). Assuming LEHIGH did supply aggregate materials used by Easy Mix in the construction of the pool (again, LEHIGH denies this assumption), LEHIGH would be a TPLA "seller." *Id.* at § 82.001(3); *see also* § 82.003. Easy Mix is a "manufacturer" under the TPLA because it mixed aggregate components (from some unknown source(s)) into the concrete used to construct the subject pool. *Id*. at § 82.001(4).

24. Under the TPLA, a manufacturer is required to "indemnify and hold harmless" an innocent seller of component parts/materials against losses arising out of a products liability action. *Id*. at § 82.002(a). LEHIGH herein invokes the TPLA and requests contribution and indemnity from Easy Mix. Under Section 82.002(g), LEHIGH "is entitled to recover from [Easy Mix] court costs and

other reasonable expenses, reasonable attorney fees, and any reasonable damage incurred by [LEHIGH] to enforce [LEHIGH's] right to indemnification under" the TPLA.

**Jury Demand**

25. Pursuant to the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant formally makes this demand and application for a jury trial in this lawsuit.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, TEXAS LEHIGH CEMENT COMPANY, L.P prays Defendant/Third-Party Plaintiff takes nothing by reason of this suit, that Third-Party Defendant herein be released, discharged, and acquitted of the charges, that they go hence with its costs, without delay, and for such other and further relief, both general and special, at law and in equity, to which Third-Party Defendant may show themselves justly entitled.

Respectfully Submitted,

**DONATO BROWN POOL & MOEHLMANN**

*/s/ Chaz D. Klaes*
Chaz D. Klaes
State Bar No.: 24083312
S.D. Texas Federal ID No.: 1760067
William E. "Cal" Calvert, II,
State Bar No.: 24045605
Southern District Bar No. 570837
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
Telephone: (713) 877-1112
Facsimile: (713) 877-1138
E-mail: cklaes@donatobrown.com
E-Mail: wcalvert@donatobrown.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT TEXAS LEHIGH CEMENT COMPANY, L.P**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this pleading was forwarded via the CM/ECF System and served by electronic notice on this 9th day of November 2022.

*/s/ Chaz D. Klaes*
Chaz D. Klaes