IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DIVISION OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI SPECIALTY | § | |
| UNDERWRITERS INSURANCE | § | |
| COMPANY AS SUBROGEE OF | § | |
| STAG POOLS, LLC | § | |
| *Plaintiff* | § | CIV. ACTION NO. 1:22-CV-656 |
| V. | § | |
| | § | |
| EASY MIX CONCRETE | § | |
| SERVICES, LLC | § | |
| *Defendant.* | § | |

**THIRD PARTY DEFENDANT, STAG POOLS, LLC'S
ANSWER TO EASY MIX CONCRETE SERVICES, LLC'S
ORIGINAL THIRD PARTY COMPLAINT**

TO HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, STAG POOLS, LLC ("Stag"), Third Party Defendant herein, and files its

Original Answer to Defendant/Third Party Plaintiff, Easy Mix Concrete Services, LLC's Original

Third Party Complaint and states as follows:

**ORIGINAL ANSWER**

**I.
PARTIES**

1.1    Third-Party Plaintiff EASY MIX is a Texas Limited Liability Corporation having

its principal place of business in Hays County, Texas.

**ANSWER:     Stag lacks knowledge or information sufficient to form a belief about the truth**

**of the allegation set forth in Paragraph 1.1 of the Complaint.**

1.2    Third-Party Defendant STAG POOLS is a Texas limited liability company with its

principal place of business in Travis County, Texas and may be served with process by certified

mail, sheriff, constable or private process server upon its Registered Agent for the service of process:

LISA STAIGERWALD, 9509 SAN LUCAS, AUSTIN, TX 78737.

**ANSWER:     Stag admits the allegations contained in Paragraph 1.2 of the Complaint.**

1.3     Third-Party Defendant LEHIGH is a Texas corporation with its principal place of business in Hays County, Texas and may be served with process by certified mail, sheriff, constable or private process server upon its Registered Agent for the service of process: CT CORPORATION SERVICE CO., 1999 BRYAN ST. STE 900, DALLAS, TX 75201.

**ANSWER:     Stag lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 1.3 of the Complaint.**

1.4     Third-Party Defendant TMG is a Texas corporation with its principal place of business in Travis County, Texas and may be served with process by certified mail, sheriff, constable or private process server upon its Registered Agent for the service of process: CORPORATION SERVICE CO., 211 E. 7Th STREET, STE. 620, AUSTIN, TX 78701-4234.

**ANSWER:     Stag lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 1.4 of the Complaint.**

1.5     Third-Party Defendant TRAVIS is a Texas corporation with its principal place of business in Travis County, Texas and may be served with process by certified mail, sheriff, constable or private process server upon its Registered Agent for the service of process: MICHAEL J. WEYNAND, 2201 N. LAMAR, STE. 110, AUSTIN, TX, 78705.

**ANSWER:     Stag lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 1.5 of the Complaint.**

## II.
## BASIS

2.1    EASY MIX brings this Third-Party Complaint pursuant to Rule 14, Federal Rules of Civil Procedure, for the reason that Third-Party Defendants are or may be liable to EASY MIX for all or part of the claim brought against EASY MIX by Plaintiff.

**ANSWER:**    **Stag denies Easy Mix's basis for bringing a Third-Party complaint against Stag. Rule 14 of the Federal Rules of Civil Procedure allows for third-party complaints to be brought against non-parties who may be liable to the defending party. Plaintiff CSUIC has brought this claim as the subrogee of Stag Pools, LLC, and therefore Stag Pools, LLC is effectively a party to the suit. Stag also denies the allegation that Third-Party Defendant is or may be liable to EASY MIX for all or part of the claim brought against Easy Mix by Plaintiff set forth in Paragraph 2.1 of the Complaint.**

## III.
## JURISDICTION

3.1    This court has jurisdiction over this cause under 28 U.S.C. §1332(a) because the original matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states. The Western District of Texas, Austin Division, has proper jurisdiction because the events made the basis of this suit occurred within the Austin Division.

**ANSWER:**    **Stag admits that it is amenable to the jurisdiction of this federal district court, consistent with the allegations contained in Paragraph 3.1 of the Complaint.**

## IV.
## FACTS

4.1    Plaintiff has filed this subrogation action claiming that EASY MIX is responsible for cracks, leaks and other defects in and around the subject swimming pool. In particular, Plaintiff

alleges that the concrete provided by EASY MIX suffered from a chemical reaction, known as ASR that causes swelling. EASY MIX purchased all components of the concrete, namely sand, aggregate and cement, from TRAVIS, TMG and LEHIGH and merely mixed the components with water. Any ASR contained in the concrete originated with the suppliers. The materials used by EASY MIX to form the shell of Plaintiff's swimming pool were purchased from Third-Party Defendants TRAVIS, TMG and LEHIGH. The designer, general contractor and builder of the swimming pool in question was Third-Party Defendant STAG POOLS.

**ANSWER:** **Stag admits that Plaintiff filed the subrogation action claiming that Easy Mix was responsible for cracks, leaks, and other defects in and around the subject swimming pool. Stag also admits that it was the designer and general contractor of the swimming pool. Stag denies that it was the "builder" of the swimming pool, as multiple subcontractors were responsible for the construction of the pool. Stag also lacks knowledge or information sufficient to form a belief about the truth of the rest of the allegations set forth in Paragraph 4.1, and therefore denies the remaining allegations.**

## V.
## CONTRIBUTION

5.1     EASY MIX incorporates by reference all prior paragraphs. EASY MIX strictly denies the claims and allegations of Plaintiff, but in the unlikely event that EASY MIX is found liable to Plaintiff, it seeks contribution from Third-Party Defendants pursuant to the provisions of Chapter 32 and 33 of the Texas Civil Practice & Remedies Code.

**ANSWER:** **Stag denies the allegations contained in Paragraph 5.1 of the Complaint and denies that Easy Mix is entitled to any of the relief described in Paragraph 5.1 of the Complaint.**

## VI.
## PRODUCT LIABILITY DEFENSE AND INDEMNIFICATION

6.1    EASY MIX incorporates by reference all prior paragraphs. As manufacturers and/or up-stream suppliers of the concrete components purchased by EASY MIX, Third-Party Defendants LEHIGH, TMG and TRAVIS are obligated to defend and indemnify EASY MIX against claims such as those made the basis of Plaintiffs Original Complaint. EASY MIX has denied and continues to deny the claims and allegations of Plaintiff but, in the unlikely event EASY MIX is found liable to Plaintiff, EASY MIX seeks indemnification for any and all damages and attorneys' fees and costs associated with Plaintiff's claim.

**ANSWER:    To the extent that any of the allegations contained in Paragraph 6.1 pertain to Stag, Stag denies the allegations contained in Paragraph 6.1 of the Complaint.**

## VII.
## NEGLIGENCE

7.1    EASY MIX incorporates by reference all prior paragraphs. Third-Party Defendants LEHIGH, TMG and TRAVIS negligently failed to provide materials free of deleterious materials/components. In addition, or alternately, Third-Party Defendant STAG POOLS negligently failed to properly engineer, design, install and oversee the construction of the subject swimming pool resulting in Plaintiff's damages. EASY MIX has denied and continues to deny the claims and allegations of Plaintiff, but in the unlikely event EASY MIX is found liable to Plaintiff, EASY MIX seeks contribution for the negligence of Third-Party Defendants.

**ANSWER:    Stag denies the allegations contained in Paragraph 7.1 of the Complaint and denies that Easy Mix is entitled to any of the relief described in Paragraph 7.1 of the Complaint.**

## VIII.
## ATTORNEYS' FEES

8.1     Pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, EASY MIX seeks to recover all attorneys' fees and costs incurred through trial and any appeals in defending against Plaintiff's claims against each Third-Party Defendant.

**ANSWER:**    **Stag denies that Easy Mix is entitled to any of the relief described in Paragraph 8.1 of the Complaint.**

8.2     EASY MIX seeks to recover all pre-judgment and post-judgment interest at the highest rate permitted by law.

**ANSWER:**    **Stag denies that Easy Mix is entitled to any of the relief described in Paragraph 8.2 of the Complaint.**

## IX.
## CONDITIONS PRECEDENT

9.1     All conditions precedent to EASY MIX' claims for relief have been performed, excused, or have occurred.

**ANSWER:**    **Stag denies the allegations contained in Paragraph 9.1 of the Complaint.**

## AFFIRMATIVE DEFENSES

1.     Some or all of Easy Mix's causes of action against Stag are barred in whole or in part because Easy Mix failed to state a claim on which relief can be granted.  Specifically, Easy Mix failed to state a claim for why Easy Mix is entitled to contribution and indemnification for negligence on the part of Easy Mix. Even further, Easy Mix has failed to state what damages are owed to Easy Mix for Stag's alleged negligence.

2.      Easy Mix did not plead with specificity, the performance or occurrence of all conditions precedent.  Stag demands strict proof that each and every condition precedent was performed or has occurred.

3.      Stag pleads that Easy Mix's claims are barred by the applicable statute of repose, statute of limitations and/or laches.

4.      Stag pleads that the damages alleged by Easy Mix, and made the basis of this lawsuit, were solely or partially caused by the negligence and carelessness of Easy Mix.

5.      Stag would further show that Easy Mix's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

6.      The damages about which Easy Mix complains, if any, were legally caused by the acts or omissions of persons, entities and/or parties or by products for whom and which Stag is not responsible. Stag specifically invokes all statutory and common law rights of contribution, comparative fault, comparative causation, comparative responsibility, indemnity, credit or offset to which it is entitled.

7.      Easy Mix's damages, if any, resulted from causes independent of Stag's conduct. Easy Mix's damages, if any, were the result of new and independent, intervening or superseding causes.

8.      If Easy Mix was damaged as alleged, such damages were solely the result of its own negligence and/or work, and that said negligence was a proximate cause, in whole or in part, of its damages, if any.

9.      Stag pleads that any tort claims asserted by Easy Mix are barred by the doctrine of economic loss.

10.      Stag would further show that Easy Mix's claims may be barred by the following

affirmative defenses: failure of consideration, unjust enrichment, unclean hands, lack of consideration, payment, release, settlement and accord and satisfaction.

11.     Stag would show that Plaintiff has brought this claim as the subrogee of Stag Pools, LLC, and therefore Stag Pools, LLC is effectively a party to the suit. Accordingly, Defendant's Third-Party Petition should be barred against Stag as Rule 14 of the Federal Rules of Civil Procedure only allows for third-party petitions against non-parties.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant, Stag Pools, LLC, having fully answered herein, prays that it go hence without delay for costs, and for such other and further relief, both special and general, at law and in equity, to which the said Third-Party Defendant may be justly entitled.

Respectfully submitted,

LITCHFIELD CAVO LLP


By:     */s/ Matthew D. Walker*_____
        MATTHEW D. WALKER
        State Bar No. 24074762
        Federal ID: 2969912
        walker@litchfieldcavo.com
        One Riverway, Ste. 1000
        Houston, Texas 77056
        (713) 418-2000
        (713) 418-2001 (Fax)

        ATTORNEYS FOR PLAINTIFF
        THE CINCINNATI SPECIALTY
        UNDERWRITERS INSURANCE
        COMPANY AS SUBROGEE OF
        STAG POOLS, LLC  AND THIRD PARTY
        DEFENDANT, STAG POOLS, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded to all counsel of record pursuant to the Federal Rules of Civil Procedure on the 22nd day of November, 2022, to all known counsel of record.

*/s/ Matthew D. Walker*
MATTHEW D. WALKER